Kinka.de, J.
What I said in a concurring opinion in the main case had reference, of course, to cases like the one under consideration and had no application to a simple contract of service carrying none of the features embraced in the contract in the case at bar, even though such contract of service might be entirely silent as to the duration thereof. The following paragraphs from 2 Parsons on Contracts (9 ed.), *535 and *660, need no further comment:
“Where anything is to be done, as goods to be delivered, or the like, and no time is specified in the contract, it is. then a presumption of law that the parties intended and agreed that the thing should be done in a reasonable time. But what is a reasonable time is a question of law for the court. They will consider all the facts and circumstances *218 of the case in determining this, and if any facts bearing upon this point are in question, it will be the province of the jury to settle those facts, although the influence of the facts when they are ascertained, upon the question of reasonableness, rernains to be determined by the court. In general, it may be said, that questions of reasonableness other than that of time, are questions of facts for the jury.”
“If the contract specifies no time, the law implies that it shall be performed within a reasonable time; and will not permit this implication to be rebutted by extrinsic testimony going to fix a definite term, because this varies the contract. What is a reasonable time is a question of law.”